Jose **GUERRA QUEZADA**; Jenny Beatriz Guerra, Petitioners,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–71343.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 22, 2004.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM **

Jose Guerra Quezada and Jenny Beatriz Guerra, both natives and citizens of Peru, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of the application for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's findings regarding changed country conditions for substantial evidence, *Lopez v. Ashcroft,* 366 F.3d 799, 805 (9th Cir.2004), and we deny the petition.

Substantial evidence supports the BIA's adoption of the IJ's determination that country conditions have changed in Peru such that petitioners do not have a well-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

founded fear of future persecution. The IJ conducted an individualized analysis and based on a 1997 State Department Report on Peru found that the Shining Path's power has been greatly reduced, that they tend to focus on high profile individuals now because of limited resources, and that relocation inside Peru is an option for petitioners. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998–999 (9th Cir.2003) (denying asylum based on changed country conditions and a 1997 Guatemala country report which stated that only high profile individuals would be vulnerable to persecution and that internal relocation was a viable option).

Because petitioners failed to demonstrate that they were eligible for asylum, it follows that they did not qualify for withholding of removal. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

In addition, because petitioners failed to demonstrate that it is more likely than not that they would be tortured if returned to Peru, they are not entitled to relief under CAT. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.